JAMES McCORMICK, Defendant in Error, v. WILSON KAYE et al., Plaintiffs in Error.

**Kansas City Court of Appeals; May 12, 1890.**

1.   **Trespass:** PENALTY: LIMITATION: COMMON LAW.   An action for treble or double damages under the Missouri trespass statute is an action for a penalty, and the three years' statute of limitation is a good bar to such action; and plaintiff, having framed his action for a penalty on the statute, will not be permitted at the trial, with a view to avoid such bar, to recover as for a common-law trespass.

2.   —— : TEST OF CONSISTENT DEFENSES.   The defenses of a general denial, a justification and limitation are not so inconsistent that the proof of one necessarily disproves the other, which is the test of inconsistent defenses.

*Error to the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED.

*Huston & Parrish,* for plaintiffs in error.

(1)   The petition contains two counts.   The first is aptly framed under section 3921, Revised Statutes, 1879, page 669.   The second under the next section, section 3922, Revised Statutes, 1879, page 669.   Both are penal,

and a right of action thereon is barred in three years. *Holliday v. Jackson*, 21 Mo. App. 660; *Young v. Railroad*, 33 Mo. App. 509; *Barnett v. Railroad*, 68 Mo. 58; *Cummings v. Railroad*, 70 Mo. 570; *Revelle v. Railroad*, 74 Mo. 438; *Goodridge v. Railroad*, 35 Fed. Rep. 35; R. S. 1879, sec. 3231, p. 547; sec. 1710, p. 291; secs. 3923–3926. It is an action for a penalty, or the very statute on which the action is founded is unconstitutional. *Cummings Case, supra; Barnett Case, supra.* If it is not a penalty it is imprisonment for debt. R. S., sec. 3926, p. 670; Const. of Mo., sec. 16, art. 2. ( 2 ) The lower court erred in holding, as it did, that the causes of action set out in the petition were governed by the five years' limitation provided in the statute for the ordinary action of trespass on real estate. We have in this state this statutory trespass and the common-law trespass, *quare clausum fregit. Tackett v. Hausman*, 19 Mo. 525; *Hewitt v. Harvey*, 46 Mo. 368; *Railroad v. Freeman*, 61 Mo. 80; *Holliday v. Jackson*, 21 Mo. App. 660; Const. of Mo., sec. 16, art. 2. The statute of five years applies to the common-law action, but the three years' statute to an action under the statute. ( 3 ) The lower court erred in overruling appellant's objection to the introduction of any testimony under the pleadings. On the face of the petition it appeared that more than three years had elapsed from the alleged injuries to the time of bringing suit. The defendants plead the statute of three years. This was equivalent to a demurrer specifying the three years' limitation as a cause therefor. The date stated in the petition was October 18 and 20, 1882. Suit brought in February, 1887, more than four years after. *Henock v. Cheny*, 61 Mo. 129. ( 4 ) The lower court erred in refusing instructions of plaintiffs in error in the nature of demurrer to the evidence at the close of plaintiffs' case. The petition charged the facts to have been done more than four years before suit was brought, and plaintiffs' evidence all placed the last

alleged wrongful act on October 20, 1882, more than four years before suit. *Young v. Railroad*, 33 Mo. App. 509; *Holliday v. Jackson*, 21 Mo. App. 660; *Revelle v. Railroad*, 74 Mo. 438.

*A. W. Mullins*, for defendant in error.

(1) The plea of the statute of limitations to a petition charging a trespass upon real estate is, necessarily, a plea of confession and avoidance, and, if the statute be not so pleaded, the plea will be disregarded. 1 Chitty on Pleading [13 Am. Ed.] p. 506; 3 Chitty on Pleading [13 Am. Ed.] p. 1067; *Bauer v. Wagner*, 39 Mo. 385; *Nelson v. Brodhack*, 44 Mo. 596. (2) In this case, however, the attempted plea of the statute of limitations constitutes no defense and was misconceived. This is "an action for trespass on real estate" (R. S. 1889, sec. 6775; R. S. 1879, sec. 3230), and, therefore, the limitation applicable to it is five years, and not three years as contended by counsel for the defendants. "It seems that the short statute of limitations above referred to is intended only to embrace penalties and forfeitures, properly so called, and other causes of action penal in their nature, and where both the cause of action and the remedy are given by statute; but does not extend to cases where the action is partly given by the common law and partly by statute." *Corning v. McCullough*, 1 Com. (N. Y.) 47; Sedgwick on Stat. and Con. Law, pp. 107–8; *Shrewsbury v. Bawtlitz*, 57 Mo. 414; *Combs v. Smith*, 78 Mo. 32; *James v. City of Kansas*, 83 Mo. 567. (3) Although relief is asked in plaintiff's petition under the statute relating to trespass, yet the facts stated in the petition, and in each count thereof, set forth a good cause of action at common law; and some matters are charged and for which redress is sought that are not embraced within the statute referred to, and, therefore, in such case only actual

damages may be recovered, or, when the evidence justi-
fies it, exemplary damages may be added thereto.
*Shrewsbury v. Bawtlitz*, 57 Mo. 414, and cases cited;
*Parker v. Shackelford*, 61 Mo. 68 ; 1 Sedgwick on Dam-
ages [7 Ed.] pp. 272-3, note *a ; Barnes v. Jones*, 51
Cal. 303.

*Huston & Parrish*, for plaintiffs in error in reply.

(1) The point that the statute of limitations is not
well pleaded is not well taken for several reasons.    *May
v. Buck*, 80 Mo. 675 ; *Rine v. Montgomery*, 50 Mo.
566 ; *Schafer v. Causey*, 8 Mo. App. 142 ; s. c., affirmed,
76 Mo. 365.    (2) The proposition that though the peti-
tion is founded on the statute, yet a recovery as for a
common-law trespass can be had, is utterly opposed to
repeated decisions of our courts, and to the science and
logic of pleading.    The plea is addressed to the issuable
facts stated in the petition.    *Young Case*, 33 Mo. App.
518-19.

GILL, J.—The petition in this case contains two
counts, one under section 3921, Revised Statutes, 1879,
demanding treble damages, the other under section 3923,
Revised Statutes, 1879, page 669, demanding double
damages.    The time laid in the petition when the wrong-
ful acts were done was the eighteenth and twentieth
of October, 1882.    The same acts—the removal of the
fence—constitute the cause of action in both counts.
Suit was commenced in February, 1887.    The answer
was a general denial—a plea of justification, that the
*locus in quo* was a public road, and that Charles
Johnson, road overseer, required the other defendants
to assist in removing obstructions, and that what was
done was in the discharge of his duty as such road over-
seer, *third*, a plea of the statute of limitations of three
years.    To this answer a general denial was filed.

On the trial defendants objected to the introduction of any testimony, upon the ground that the statute of limitations was pleaded, and that upon the face of the petition such plea was confessed ; that it showed on its face that the several causes of action therein set forth were all barred, and that the petition did not state facts sufficient to constitute any cause of action. This objection was overruled and defendants excepted. The plaintiff then proceeded with his testimony tending to sustain the allegations of the petition, and to prove that whatever was done by defendants was done on the eighteenth and twentieth of October, 1882, and that since that time they have not in any way interfered with or taken down his fences, and it was admitted that this suit was not commenced until February, 1887. The defendants then asked the court to give to the jury the instructions found in the printed record in the nature of a demurrer to the evidence, on the ground that the petition and all the evidence showed that the acts complained of were done more than three years next before the commencement of this suit. These instructions the court refused to give, and defendants excepted. Defendants did not offer any evidence.

Upon instructions given by the court at the instance of the plaintiff the cause was submitted to the jury, and a verdict was rendered for plaintiff on both counts of the petition,—on the first count in the sum of one hundred and twenty-five dollars, and on the second count for three hundred dollars. But it seems the court did not enter judgment for treble the damages found on the first count, and double the damages found on the second count, as the statute authorizes in such actions, and only gave judgment for single damages on both counts. Defendants have brought the case here by writ of error.

I. It requires but few words to dispose of this case. The first count is based clearly and specifically

upon section 3921, Revised Statutes, 1879, and asks judgment against defendants in treble the damages committed by tearing down and destroying a quantity of plank fence and some hedge fencing belonging to the plaintiff. The second count quite as definitely charges damages under section 3922, wherein defendants, for the same act of tearing down said fences and letting cattle onto plaintiff's premises to the destruction of his crop, are charged in double damages as provided in said section 3922. The two counts are framed clearly and avowedly on these two sections—alleging, as near as may be, the very language of the statute, and referring in express words to such sections as legal grounds for relief. The action, then, being upon a statute for a penalty where the right of action is given to the party aggrieved, was barred by the statute of limitations three years after the action accrued. R. S. 1879, sec. 3231 ; *Holliday v. Jackson*, 21 Mo. App. 660 ; *Young v. Railroad*, 33 Mo. App. 509, and other cases cited in brief for appellants. The petition and evidence, *all*, show that the matters complained of by the plaintiff occurred more than three years before this suit was commenced, and hence the action was barred, and the court should have instructed the jury to find for defendants. This being, in form and substance, an action for a penalty on the statute, the plaintiff will not be permitted at the trial—with the view of avoiding the limitation of three years applicable to such an action—to recover as for a common-law trespass, which may not be barred. Plaintiff has chosen his ground of action, and invited defendants to meet him thereon, and he cannot avoid the result of his own choosing. *Young v. Railroad*, 33 Mo. App. 518.

II. Defendants by their answer, containing a general denial, a justification and limitation of three years, have not deprived themselves of the right to invoke the said statute of limitations, as claimed by plaintiff's

counsel.   These several defenses are not so inconsistent that the proof of the one necessarily disproves the other.   This, as repeatedly held in this state, is the test of inconsistent defences.   *Nelson v. Brodhack*, 44 Mo. 596 ; *Cohn v. Lehman*, 93 Mo. 583 and cases cited.   It results from the foregoing considerations that the judgment of the circuit court should be reversed, and it is so ordered.   All concur.