John D. Cox, Respondent, v. Abijah W. Bishop, Appellant.

Kansas City Court of Appeals, November 20, 1893.

1. **Appellate Practice:** FAILURE OF PROOF: NON EST FACTUM. Where the answer in an action on a written instrument presents the issue of *non est factum*, and there is no evidence tending to prove the signature, and the paper itself is not offered, there can be no recovery.

2. **Pleading:** ANSWER: CONSISTENT DEFENSES. *Non est factum* and nonperformance of the contract are not so inconsistent that they cannot stand together, the proof of one not necessarily disproving the other.

*Appeal from the Caldwell Circuit Court.*—Hon. E. J. Broadus, Judge.

REVERSED AND REMANDED.

*William A. Wood* for appellant.

(1) Defendant's verified plea of *non est factum*, denying all the allegations of plaintiff's petition,

required plaintiff to introduce in evidence the instrument sued on and prove its execution by defendant; this was not done and for that reason the judgment is erroneous and ought to be reversed. Where the record shows an entire failure to prove a material averment of the petition, there can be no recovery. *Groll v. Tower*, 85 Mo. 249; *Brumley et al. v. Golden et al.*, 27 Mo. App. 160. (2) Defendant's general denial, verified by him and his second defense in the nature of failure of consideration were perfectly consistent and the second count of defendant's answer was not a confession of the alleged contract, or of its execution by defendant, or of its proper assignment to the plaintiff. *Patrick v. Gas Light Co.*, 17 Mo. App. 462; *Lee e. Dodd*, 20 Mo. App. 462; *Moore v. Bank*, 22 Mo. App. 685; *Wood v. Hilbish*, 23 Mo. App. 389; *Nelson v. Broadhack*, 44 Mo. 599; *McAdow v. Ross et al.*, 53 Mo. 199; *May v. Burk*, 80 Mo. 675; *Ledbetter v. Ledbetter*, 88 Mo. 60. (3) The second count of defendant's answer alleging that the conditions of the alleged contract filed in suit had never been performed and that the alleged contract was therefore void, was not a confession and not inconsistent with his verified general denial. He had a perfect right to show that the contract filed in suit was not his and had never been signed by him, also to show that its conditions had not been performed. He was entitled to avail himself of either or all of these defenses. *Ledbetter v. Ledbetter, supra; Nelson v. Broadhack, supra; Wood v. Hilbish, supra; Moore v. Bank et al., supra*.

*Crosby Johnson* for respondent.

(1) The answer is ambiguous, if it is to be treated as an attempt to deny the execution of the instrument sued on; and an ambiguous denial is to be taken as an

admission. *Bredell v. Alexander*, 8 Mo. App. 110.
(2) Where the answer contains a general denial and
special pleas, it ought to be so framed as to leave no
doubt in the minds of the court and the adverse party
as to what is denied and what is admitted. *Long v.
Long*, 79 Mo. 644. (3) The allegation in the answer
that "the obligation filed with the plaintiff's petition
became null and void after the expiration of January 1,
1891," is inconsistent with the [theory that such instru-
ment had never been executed and delivered, and was,
from its inception, a nullity. *Sheehan v. Sims*, 36 Mo.
App. 224; *Roberts v. Railroad*, 43 Mo. App. 287. (4)
Haines Brothers performed the conditions prescribed
by the contract in suit and could have recovered
thereon, if they had not assigned same. *Railroad v.
Tygard*, 84 Mo. 263; *Railroad v. Stockton*, 51 Cal. 334;
*People v. Holden*, 82 Ill. 93.

GILL, J.—The petition in this case alleges the exe-
cution by defendant of a contract or promise in writing,
which is filed with the petition, whereby said defendant
agreed to pay Haines Brothers, plaintiff's assignors, or
order, a certain sum of money, provided said Haines
Brothers should on or before January 1, 1891, con-
struct and complete a railroad from Kingston to some
point either on the Hannibal & St. Joseph Railroad or
the Milwaukee road.

By his answer, verified by affidavit, defendant
denied the execution of the instrument sued on; and
along with such denial, and in another clause of the
answer, defendant alleged in defense a failure on the
part of Haines Brothers to perform their part of the
alleged contract, to-wit, that they did not build the
railroad they had agreed to, etc.

The court tried the case without a jury, gave
judgment for the plaintiff and defendant appealed.

On account of the absence of any testimony on a material issue in the cause the judgment herein must be reversed. There was no evidence on the issue of *non est factum* interposed by the defendant in his answer. The action is founded on an instrument of writing charged to have been executed by the defendant; the answer verified by affidavit puts in issue the execution thereof, and there was an entire failure to introduce any evidence tending to prove the defendant's signature, nor was the paper itself offered. The very groundwork, then, of the complaint,was unproved, and hence there should not have been any recovery on the alleged cause of action.

The second count in the answer did not confess the execution of the writing sued on. The answer when all read together amounted to this: *First*, a denial under oath that defendant executed the written contract sued on, and, *second*, an allegation that Haines Brothers did not build the railroad as therein stipulated. These counts of the answer are not so inconsistent that they cannot stand together. The proof of the one does not necessarily disprove the other; and this, as uniformly ruled in this state, is the test of inconsistent defenses. *McCormick v. Kaye*, 41 Mo. App. 263.

The abstract is sufficient to present the question here considered.

Judgment reversed and cause remanded for a new trial. All concur.