ATTERBURY & NICHOLS, Respondents, v. I. F. HENDRICKS, Appellant.

### Kansas City Court of Appeals, December 2, 1907.

1. **PLEADING: Answer: General Denial: Affirmative Defense.** Where there is a general denial and an affirmative defense, both may stand as long as there is no inconsistency; and in an action by real estate brokers to recover their commissions a general denial and the dual agency of the brokers are not inconsistent.

2. **REAL ESTATE BROKERS: Answer: Admissions.** Where in an action by brokers to recover their commissions there is a general denial and admissions that the alleged purchaser owned the goods and property agreed to be taken by the defendant, and sets up the defense of dual agency, such agency is the only issue to be tried.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Crawley & West* for appellant.

(1) Before plaintiffs would be entitled to recover it devolved upon them to prove that Hopkins & Schrenk were ready and willing to perform their contract with the defendant, or that they were financially able to respond in damages if they failed to perform their undertaking. Hayden v. Grillo, 26 Mo. App. 289; Hayden v. Grillo, 35 Mo. App. 647; Zeidler v. Walker, 41 Mo. App. 118. (2) If Hopkins & Schrenk did not have a perfect title of record to their real estate in Brunswick, which

they contracted to convey to defendant, they were not able to perform their contract. Birge v. Bock, 44 Mo. App. 69; Mitchner v. Holmes, 117 Mo. 185; Rozier v. Graham, 146 Mo. 352.

*J. A. Collett* for respondents.

(1) The trial court committed no error in limiting the parties to the issue upon the trial, notwithstanding there was no motion filed by the respondents to require appellant to make his answer more definite. Sayers v. Craven, 107 Mo. App. 407; Atterbury v. Hopkins, 99 S. W. 11; Clark v. Dillon, 97 N. Y. 370; Long v. Long, 79 Mo. 644; Clements v. Yeates, 69 Mo. 624; Cole v. Armour, 154 Mo. 333; McGahan v. Bank, 156 U. S. 232; Bank v. Whittle, 87 Va. 737; 2 Am. and Eng. Ency. of Pleading and Practice, p. 626; State ex inf. v. Delmar Jockey Club, 98 S. W. 539; Bliss on Code Pleading, secs. 138, 331, 340 and 356a. (2) The only issue made by the pleadings was submitted to the jury upon full and fair instructions, and the verdict of the jury, being supported by competent evidence, will be accepted by this court as conclusive. Atterbury v. Hopkins, 99 S. W. 11; Vincent v. Means, 184 Mo. 327; Caris v. Nimmons, 92 Mo. App. 66; Reed v. Railroad, 94 Mo. App. 371.

JOHNSON, J.—Plaintiffs, who were partners engaged in the business of real estate agents, sued to recover a commission alleged to have been earned under contract of employment with defendant. They prevailed in the trial court where the cause was tried before a jury and defendant appealed.

It is conceded that defendant employed plaintiffs to procure a purchaser of certain lands owned by him in Douglass county, Kansas, at the price of $29,112.50; that he agreed to accept either cash or other property of satisfactory character and price in payment of the consideration, and that he agreed to pay plaintiffs a

commission of four hundred dollars for the procurement of a purchaser on the terms proposed. Further, it is conceded that plaintiffs did find purchasers who entered into a written contract with defendant by the terms of which the latter was to receive a consideration of $29,-112.50 for his land, to be paid as follows: The purchasers assumed the payment of a mortgage on the property of eight thousand dollars and agreed to convey to plaintiff certain real estate in Brunswick, Missouri, at the price of eleven thousand dollars and a stock of hardware, the value of which was to be ascertained in a manner prescribed by the contract. Further, it was stipulated in the contract of sale "that in case the real estate in Brunswick at eleven thousand dollars, plus the stock of merchandise invoiced as above provided does not amount to an aggregate of $21,112.50 (the equity in the Douglass county farm), then the parties of the second part (the purchaser) shall pay the party of the first part in cash whatever difference remains, and if the Brunswick store, building and stock when invoiced exceed $21,112.50, the difference shall be paid by the party of the first part to party of the second part within thirty days." For some reason not disclosed and of no importance to the present inquiry, the trade thus agreed on was not consummated. Defendant refused to pay the commission and this action followed.

The petition contains a statement of facts sufficient to constitute a cause of action. The answer is as follows: "Comes now defendant and for answer to plaintiffs' petition herein admits that at all the dates and times mentioned in said petition, plaintiffs were, and are now, partners engaged in the business of buying and selling real estate for hire; and denies each and every other allegation in said petition contained.

"Further answering, defendant says that on or about the 20th day of August, 1904, he did list with

plaintiffs for sale or exchange the lands in Douglass county, Kansas, mentioned and described in said petition, and agreed to pay them a commission for the sale or exchange of said lands upon certain terms and conditions.

"Defendant further says that thereafter plaintiffs did procure a contract to be made by and between this defendant and William M. Hopkins and Jacob Schrenk, who were then and there partners engaged in the retail hardware business at the town of Brunswick, Chariton county, Missouri. That by said contract defendant contracted and agreed to convey to said William M. Hopkins and Jacob Schrenk the lands aforesaid, and said William M. Hopkins and Jacob Schrenk agreed to convey to defendant certain real estate situated in Chariton county, Missouri, belonging to them as tenants in common, and a certain stock of hardware and plumber's and tinner's tools, belonging to them as such partnership firm.

"Defendant further says that since the making of said contract he has been informed and now believes, and therefore states the fact to be, that in the bringing about and procuring of said contract to be made, the plaintiffs were acting not only as the agents of the defendant, but were also acting in the employ and as the agents of said William M. Hopkins and Jacob Schrenk. That neither defendant, nor said William M. Hopkins nor Jacob Schrenk, was informed or had any knowledge whatever at the time of the making of said contract or prior thereto; that the plaintiffs were acting in the dual capacity of agents for all the parties to said contract; that by reason of their dual agency and by reason of the fact that they failed to communicate information of such dual agency to the defendant and to said William M. Hopkins and Jacob Schrenk, plaintiffs should not be permitted to recover herein.

"Wherefore, having fully answered," etc.

The cause was subsequently tried as though a reply in the nature of a general denial had been filed to this answer, and we will regard the pleadings as containing a reply of that character. At the trial, defendant offered evidence tending to prove that "Hopkins and Schrenk did not own a perfect title of record to their real estate, that such real estate was encumbered for five thousand dollars and that they did not furnish him an abstract of title to said real estate but that said abstract showed that Hopkins and Schrenk did not have a perfect title of record . . . that it was not because of any fault on his (defendant's) part that the contract was not carried out and that at the time said contract was entered into Hopkins and Schrenk were insolvent."

The learned trial judge refused to admit this evidence on the ground that the new matter pleaded in the answer restricted the controversy to a single issue of fact, viz., whether or not plaintiffs accepted a dual employment without the knowledge and consent of each principal. Following this ruling, no other issue was submitted to the jury, and defendant's instructions, by which he attempted to obtain a submission of the question of whether Hopkins and Schrenk were ready, able and willing to close the trade on the terms agreed in the contract, were refused. Defendant argues that the existence of the fact that the purchasers procured by plaintiffs possessed the requisite ability and willingness to consummate the trade was elemental to the cause of action pleaded in the petition and was not removed from the field of debatable issues by the admissions to be found in the answer. His position is that the general denial put in issue all of the constitutive facts except those afterward admitted in the special defense pleaded, and that the only facts thus admitted are that plaintiffs, employed by defendants for hire, procured purchasers with whom defendant contracted for an exchange of his property and that these admissions are not inconsistent

with the fact asserted by defendant, and which he sought to support by competent evidence, that Hopkins and Schrenk were not able to perform their part of the contract.

We agree with defendant that it is a rule of pleading well settled in this State that traverses and defenses in avoidance may go together where they are not inconsistent and that the true test to be applied in solving the question of whether defenses are inconsistent is this: Will the proof of one defense necessarily disprove the other? If the question must be answered in the affirmative, the defenses are inconsistent, but should it require a negative answer, there is no inconsistency and both defenses properly may be included in the answer. [Nelson v. Brodhack, 44 Mo. 596; Rhine v. Montgomery, 50 Mo. 566; State ex rel. v. Rogers, 79 Mo. 283; Springer v. Kleinsorge, 83 Mo. 152; Ledbetter v. Ledbetter, 88 Mo. 60; Hurt v. Ford, 142 Mo. 283; Patrick v. Boonville Gas Light Co., 17 Mo. App. 462; Moore v. Macon Savings Bank, 22 Mo. App. 684; Wood v. Hilbish, 23 Mo. App. 389; State to use v. Samuels, 28 Mo. App. 649; Cavitt v. Tharp, 30 Mo. App. 131; State ex rel. v. Moss, 35 Mo. App. 441; McCormick v. Kaye, 41 Mo. App. 263; Nelson v. Wallace, 48 Mo. App. 193; Bay v. Trusdell, 92 Mo. App. 377; Ruff v. Milner, 92 Mo. App. 620.]

The general denial in the present answer was unequivocal in terms and, standing alone, would have raised an issue as to every fact constitutive of the cause of action pleaded in the petition. And if defendant's construction of the new matter pleaded in the answer is the correct one, there is no incongruity between the denial of the fact that the purchasers were able, ready and willing to take the property on the terms agreed and the fact that a contract of sale was actually made between the parties to the transaction. These facts could exist together and also could exist with the further fact alleged in the special defense that plaintiffs

accepted employment from each party to the trade without the knowledge or consent of his principals.

But the trouble with defendant's position is that the admissions found in his special plea are more comprehensive in their scope than he concedes them to be. He admitted, not only that a contract was made between him and Hopkins and Schrenk for an exchange of properties, but also that they were the owners of the real estate and merchandise they bound themselves to convey to him. These unqualified admissions were equivalent to the specific admission that they were ready, able and willing to purchase his property on the terms proposed, and their effect was to emasculate completely the general traverse and to remove from the case all other issues except that raised by the plea in avoidance. It follows that the judgment must be affirmed. All concur.