## FRANK DISTLER, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 13, 1912.

1. **CARRIERS OF PASSENGERS: Ejecting Passengers.** Plaintiff and his wife were ejected, between stations, from one of defendant's passenger trains by the conductor thereof, because their tickets did not entitle them to transportation to a station on defendant's line where that train stopped. They were directed, after purchasing their tickets, by one of defendant's employees, to enter one of the cars of this train, and did not know that it was not scheduled to stop at their destination. In putting them off, the conductor was angry and discourteous, and used abusive language to them. *Held*, that plaintiff was entitled to recover punitive damages.

2. ————: **Instructions: Non-direction.** The failure of the court to instruct the jury as to what was meant by the terms punitive and exemplary damages amount, at most, to mere nondirection, and the opposite party may, if he desires, supply the omission; otherwise he has no just ground for complaint.

Appeal from Cole Circuit Court.—*Hon. W. H. Martin, Judge.*

Affirmed.

*C. D. Corum* for appellant.

*J. G. Slate* for respondent.

BROADDUS, P. J.—This is an action for damages by plaintiff based on the ground that he was wrongfully ejected from defendant's passenger train. The facts are that on November 8, 1910, plaintiff and his wife bought tickets for transportation from Jefferson City to Ewing Station, and boarded what was known as the "Capital City Express."

Plaintiff's evidence is to the effect, that he did not know that said train was not scheduled to stop at Ewing Station, but that when he and his wife presented their tickets they were directed by one of defendant's servants to enter one of the cars in the train. Before reaching their destination, the conductor, after having ascertained that their destination was Ewing Station, put them off. That he said to plaintiff, "How in the hell came you to get on this train," and "you ought to know better," and "it will never happen again," and "you may call yourself damn lucky for getting this far;" that the conductor was angry and discourteous and hallooed to the brakeman to come and put them off; that his conduct had everybody on the car aroused and looking at plaintiff and his wife; and that the train was stopped about one-half a mile short of the station of Ewing on a curve and high dump where they were ejected.

The defendant's evidence was to the effect that the conductor's treatment of plaintiff and his wife was courteous and considerate.

In the original petition filed by plaintiff he made no claim for punitive damages, but he amended his petition before trial claiming such damages. The answer of defendant was a general denial. The court in an instruction limited plaintiff's right to recover actual damages to a nominal sum.

The court gave on behalf of plaintiff the following instructions: "The court instructs the jury that if you find from the evidence that the plaintiff, Frank Distler, on November 8, 1910, purchased of defendant

a ticket for the purpose of being carried as a passenger over defendant's railroad from Jefferson City, Missouri, to Ewing Station, Missouri, and that defendant then and there received plaintiff on its train as a passenger as aforesaid, and that defendant by its servants or agents ejected plaintiff from its said train before reaching his destination, then such act on the part of defendant was unlawful, and the jury must find for plaintiff.

"The court instructs the jury that although you may believe that the train upon which plaintiff was allowed to enter was not, under the rules of the company, allowed to stop at Ewing Station, Missouri, yet, if you believe from the evidence that defendant by its servants or agents directed plaintiff to board said train, and that before reaching his destination the servants or agents of defendant ejected him from said train, then you are bound to find for the plaintiff.

"The court instructs the jury that if you find for the plaintiff you will assess his actual damages at a nominal sum; and you are further instructed that if you believe from the evidence that the plaintiff was put off the train before reaching Ewing Station, and that the conductor in the presence of passengers used profane and insulting language toward the plaintiff at the time of putting him off, then you may add such amount as you may believe the circumstances justify in the way of punitive or exemplary damages, provided you believe he was willfully and maliciously ejected from said train, said damages not to exceed the sum of five hundred dollars.

" 'Maliciously' means the intentional doing of a wrongful act without just cause or excuse.''

The following instructions were asked by defendant and refused by the court. "The court instructs the jury that plaintiff is not entitled to recover any exemplary or punitive damages.

"The court instructs the jury that you cannot allow anything in this case for anxiety, mental, suffering, humiliation or injury to his feelings; nor can you assess any damages in this case by way of punishment to the defendant."

The jury returned a verdict for plaintiff in the sum of one dollar actual damages and one hundred dollars punitive damages. From the judgment rendered on the verdict the defendant appealed.

The first contention of appellant is that the court erred in refusing to instruct the jury that the plaintiff was not entitled to recover punitive damages. Appellant, among other reasons, assigns for this position the following: "A reading of this record will disclose that it was not until questions of the most leading and suggestive nature were put to plaintiff that he testified to any uncivil conduct upon the part of the conductor." In other words, the suggestion seems to be that this court should disregard the testimony of plaintiff for the reason assigned, because he was unworthy of belief. A sufficient answer to this suggestion is that it raises an issue as to the credibility of plaintiff as a witness, which is always a question for the jury and not for the appellate court. All the other reasons assigned also go to plaintiff's credibility in some form or another.

And it is further insisted that, notwithstanding the conductor may have spoken sharply, his conduct did not evidence malice. And in such cases there is an absence of proof to sustain the charge showing malice. [Smith v. Railroad, 127 Mo. App. 52, and cases cited.] But the facts of that case and this are somewhat different. Here the language and conduct of the conductor evidenced malice. It was something more than a mere expression of anger to say to a passenger in an angry manner, "How in the hell came you to get on this train, you ought to know better," and, "you can call yourself damn lucky for getting this

far." If plaintiff is to be believed, the conductor's behavior to him was such as to arouse the attention of the other passengers on the train to what was being said and done, and to thus bring him under suspicion as a wrongdoer. We believe the plaintiff made out a case for punitive damages.

Objection is made to instruction No. 1 given for plaintiff because it "advises the jury that if they believe certain facts from the evidence 'then such act on the part of defendant was unlawful and the jury must find for the plaintiff.'" And that "the second instruction advises the jury that if they believe certain facts, it then proceeds to tell them, 'then you are bound to find for the plaintiff.'" The conclusion of appellant that the two instructions amounted to a direction to the jury to find for plaintiff for punitive damages is not sound. There would have been ground for appellant's contention were it not for the instruction of the court telling the jury to limit their finding to one dollar for compensatory damages, and directing them in the event they believed that the conductor maliciously ejected plaintiff that they might add such amount as they might believe the circumstances justified, etc. The matter seems to have been put so plainly to the jury that they were bound to understand that they had the discretion either to give or refuse punitive damages, and that they could in no event award such damages unless the conductor willfully and maliciously ejected plaintiff.

And it is insisted that the court should have instructed the jury as to what was meant by the terms punitive or exemplary damages. At most the omission amounted to mere non-direction. In such cases the opposite party, if he desires, may supply the omission, otherwise, he has no just ground for complaint. [First National Bank v. Ragsdale, 171 Mo. l. c. 186.] The instruction, however, was sufficiently explicit as it told the jury what facts they must find upon which to

base their finding for punitive damages.  Under the instruction it was unnecessary to characterize the damages by any name whatever, and the words "punitive and exemplary" could have been omitted without impairing the efficacy of the instruction for it was full and complete without them.  Finding no error the cause is affirmed.  All concur.